

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ETTI BEN ISSASCHAR | : | CIVIL ACTION |
| YAAKOV BEN ISSASCHAR | : | |
| | : | |
| v. | : | |
| | : | |
| ELI AMERICAN FRIENDS OF THE | : | NO. 14-5527 |
| ISRAEL ASSOCIATION FOR CHILD | : | |
| PROTECITON, INC., et al. | : | |

**FILED**
NOV – 5 2014
MICHAEL E. KUNZ, Clerk
By: _____ Dep. Clerk

## MEMORANDUM

**JONES, J.**                                   **NOVEMBER 5 , 2014**

Plaintiff Yaakov Ben Issaschar, an Israeli resident, brings this civil action on behalf of himself and his daughter against ELI American Friends of the Israel Association for Child Protection ("ELI") and four Israeli defendants, primarily asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Yaakov Ben Issaschar leave to proceed *in forma pauperis*, dismiss claims brought on his daughter's behalf without prejudice, and dismiss his complaint.

### I.    FACTS AND PROCEDURAL HISTORY

This is the second RICO action that plaintiff has filed against ELI in this Court. In the first action, plaintiff sued ELI, two Israelis on the board of ELI, and three Israeli judges. *See Ben Issaschar v. Zimrin*, E.D. Pa. Civ. A. No. 13-2415. His claims stemmed from a custody battle that took place in the Israeli courts in 2005. As the basis for his RICO claims, plaintiff essentially alleged that ELI and other defendants engaged in unlicensed, deceptive fundraising efforts in the United States and used that money to exert influence over child custody cases in the Israeli courts, including his case, and to retaliate against individuals, such as himself, who

**ENTERED**
NOV – 6 2014
CLERK OF COURT



protested ELI's activities.  Plaintiff also alleged that the defendants were essentially biased

against men, and were responsible for "kidnapping" his daughter and detaining her at a facility

operated by ELI, and attempting to "silence" him for speaking out against ELI.

       This Court dismissed plaintiff's claims against the Israeli judges and another defendant

for lack of personal jurisdiction, as there was no indication that those defendants were ever

present in Pennsylvania and as plaintiff's claims arose out of their activities in Israel, as opposed

to any activities or contacts in Pennsylvania.  As to the remaining defendants, the Court

dismissed plaintiff's RICO claims with prejudice because plaintiff failed to allege the type of

harm to his "business or his property" that is cognizable under RICO, and because ELI's

fundraising conduct was not the proximate cause of his harm.  *Ben Issaschar v. ELI Am. Friends*

*of Israel Ass'n for Child Protection, Inc.*, Civ. A. No. 13-2415, 2014 WL716986, at *5 (E.D. Pa.

Feb. 25, 2014).  Plaintiff appealed the dismissal of his complaint and his appeal is currently

pending before the Third Circuit.

       Despite having filed an appeal, plaintiff instituted a second action against ELI and four

new defendants, asserting RICO claims and claims for "common law torts."  He again alleges

that ELI engaged in racketeering activity by soliciting funds in the United States under false

pretenses for purposes of removing children from their fathers in Israel.  He also claims that the

individual defendants—judges in Israel who also serve on Israel's Committee for the Reputation

of the Courts—maliciously prosecuted him "by directing a Judge in Israel to sentence him for

one year in prison, in retaliation for exposing the corrupt ways of the Israeli Judiciary in

American courts, and for his attempts to release his daughter from the ELI Shelter."  (Compl. ¶¶

3 & 5.)  His complaint asserts five counts: (1) a "common law" claim against ELI based on the

"detention" of  plaintiff's daughter in 2005; (2) a claim against the individual defendants for

"malicious retribution" based on his recent prosecution and conviction in the Israeli courts, which plaintiff claims is a product of the individual defendants' work on the Reputation Committee; (3) a RICO claim alleging acquisition and maintenance of an interest in and control of an enterprise engaged in a pattern of racketeering activity; (4) a RICO claim alleging conduct and participation in a RICO enterprise through a pattern of racketeering activity; and (5) a claim for conspiracy to engage in a pattern of racketeering activity.

## II.     STANDARD OF REVIEW

The Court will grant plaintiff Yaakov Ben Issaschar leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees and costs necessary to commence this civil action. As plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

The Court will dismiss all claims brought on behalf of plaintiff's daughter. A *pro se* litigant who is not an attorney may not represent someone else in federal court. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (explaining that *pro se* plaintiff who was not an attorney could not represent his children in federal court); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney appearing *pro se*

3

"has no authority to appear as an attorney for others than himself"). Accordingly, plaintiff may not prosecute claims on behalf of his daughter. Furthermore, plaintiff's daughter has not signed the motion to proceed *in forma pauperis* or the complaint in accordance with Federal Rule of Civil Procedure 11. Accordingly, plaintiff's daughter is dismissed as a party to this action and the claims brought on her behalf are dismissed without prejudice.

The Court will also dismiss the RICO claims brought by plaintiff on his own behalf. Plaintiff's RICO claims are based on essentially the same course of conduct as the claims in his previously-filed action, and fail for the same reasons.[1] "To establish a RICO claim, a plaintiff must show (1) the existence of a RICO enterprise; (2) the existence of a pattern of racketeering activity; (3) a nexus between the defendant, the pattern of racketeering activity or the RICO enterprise; and (4) resulting injury to the plaintiffs business or property." *Ben Issaschar*, Civ. A. No. 13-2415, 2014 WL716986, at *4 (quotations omitted). As previously explained to plaintiff, he may not base RICO claims on personal injuries such as the type he suffered from losing custody over his daughter or those he suffered in connection with his prosecution and conviction in Israeli courts. *Id.* at *5; *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) ("[I]n construing the federal RICO law, this Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'") Likewise, as was the case in the previously-filed action, ELI's fundraising activities in Pennsylvania are not the proximate

---

[1] As noted above, plaintiff's first lawsuit was dismissed without leave to amend and his appeal is still pending. It was inappropriate for plaintiff to bring duplicative claims against ELI in what appears to be an attempt to circumvent this Court's prior ruling that amendment would be futile. *Cf. Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts."). An appeal, rather than a repetitive lawsuit, was the appropriate means for challenging the Court's decision.

4

cause of plaintiff's injuries. *Ben Issaschar*, Civ. A. No. 13-2415, 2014 WL716986, at \*5. Plaintiff's failure to state a substantive RICO claim is fatal to his RICO conspiracy claim. *Id.* at \*4 n.5.

All that remain are plaintiff's claims for malicious prosecution and any other torts based on his allegations that the individual defendants had him arrested, convicted, and sentenced in the Israeli courts. This Court lacks jurisdiction over any such claims.[2] The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332(a). That provision grants a district court jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and is between:

    (1) citizens of different States;

    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Here, it is apparent that plaintiff and the individual defendants are all citizens of Israel and that no basis for diversity jurisdiction exists.[3]

---

[2] The Court will not exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.

[3] In the event any of the defendants are dual citizens of the United States, the Court would still lack jurisdiction because an American citizen domiciled abroad is not a citizen of any state for diversity purposes. *See Fredrich v. Davis*, 767 F.3d 374, 378 (3d Cir. 2014); *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008). Additionally, it is doubtful that the Court has personal jurisdiction over the individual defendants, as it appears that plaintiff is attempting to base personal jurisdiction on the fact that *he* filed a lawsuit in this forum. (Compl. ¶¶ 14-15.) That the defendants responded to plaintiff's conduct by initiating judicial process against him *in Israel* does not establish the minimum contacts with Pennsylvania necessary to justify personal

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's claims are dismissed.  Plaintiff will not be given leave to amend because the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002).  An appropriate order follows, which shall be docketed separately.

---

jurisdiction here.  Nor is it clear how the prosecution, conviction, and incarceration of plaintiff in Israeli courts is an appropriate basis for a lawsuit in Pennsylvania pursuant to Pennsylvania tort law.